Mr. John D. Crawford, Chairman Construction Industry Licensing Board Department of Professional Regulation Post Office Box 2 Jacksonville, Florida 32201-0002
Dear Chairman Crawford:
You have asked substantially the following questions:
1. Other than the denial or conditional issuance of building permits by local governments, is the discipline of certified contractors preempted to the Construction Industry Licensing Board by Part I, Ch. 489, F.S.? 2. Does Part I, Ch. 489, F.S., exempt employees of state certified contractors from complying with local competency requirements?
In sum:
1. Primary responsibility for the discipline of certified contractors is vested in the Construction Industry Licensing Board, pursuant to s. 489.129, F.S. However, local governments have certain specified powers for disciplining such contractors pursuant to ss. 489.113(4), and 489.127, F.S. In addition, violation of s. 489.127(1), F.S., is a crime which is prosecutable by the State Attorney. 2. Part I, Ch. 489, F.S., does not exempt employees of a certified construction contractor from local regulation by counties or municipalities.
Part I of Chapter 489, F.S., regulates the construction industry by requiring that construction contractors be registered or certified by the Department of Professional Regulation as a prerequisite to practicing in Florida.[1] A certified contractor must establish his or her competency and other qualifications for certification, including the requirement that the appropriate examination administered by the department be passed.[2] A certificateholder may engage in contracting in any area of the state, the only prerequisite being that he or she exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits evidence of holding a current certificate and payment of the fee for the occupational license and building permit.[3] In contrast to certification, registration allows the registrant to engage in contracting only in the counties, municipalities, or development districts where he or she has complied with the local licensing requirements and only for the type of work covered by the registration.[4]
Part I, Chapter 489, F.S., represents the legislative scheme for protecting the public health, safety, and welfare, by regulating the construction industry through the Construction Industry Licensing Board.[5]
Question One
Section 489.113(4), F.S., provides in part that:
[A] local construction regulation board may deny the issuance of a building permit to a certified contractor, or issue a permit with specific conditions, if the local construction regulation board has found such contractor, through the public hearing process, to be guilty of fraud or a willful building code violation within the county or municipality that the local construction regulation board represents or if the local construction regulation board has proof that such contractor, through the public hearing process, has been found guilty in another county or municipality within the past 12 months, of fraud or a willful building code violation and finds, after providing notice to the contractor, that such fraud or violation would have been fraud or a violation if committed in the county or municipality that the local construction board represents.
In addition to these sanctions, counties or municipalities may designate code inspectors, as defined in Ch. 162, F.S., to issue citations against persons who:
Engage in the business or act in the capacity of a contractor or advertise himself or a business organization as available to engage in the business or act in the capacity of a contractor without being duly registered or certified[.][6]
Violations of this statute are noncriminal infractions and a fine not to exceed $500 may be imposed. Continuing or repeated violations may result in a fine not to exceed $250 for each day the violation continues or for each time the violation has been repeated.[7]
Finally, s. 489.127(2), F.S., prescribes criminal penalties[8] for any violation of the prohibitions contained in s. 489.127(1), F.S., which states that no person shall:
(a) Falsely hold himself or a business organization out as a licensee, certificateholder, or registrant; (b) Falsely impersonate a certificateholder or registrant; (c) Present as his own the certificate or registration of another; (d) Give false or forged evidence to the board or a member thereof for the purpose of obtaining a certificate or registration; (e) Use or attempt to use a certificate or registration which has been suspended or revoked; (f) Engage in the business or act in the capacity of a contractor or advertise himself or a business organization as available to engage in the business or act in the capacity of a contractor without being duly registered or certified; or (g) Operate a business organization engaged in contracting after 60 days following the termination of its only qualifying agent without designating another primary qualifying agent.
With the exception of these provisions, the authority to discipline certified contractors is vested in the Construction Industry Licensing Board pursuant to s. 489.129, F.S.
Question Two
The requirements for certification or registration contained in Part I, Ch. 489, F.S., apply only to those who wish to be licensed as contractors. For purposes of this part a contractor is defined as:
[T]he person who is qualified for and responsible for the entire project contracted for and means, except as exempted in this part, the person who, for compensation, undertakes to, submits a bid to, or does himself or by others construct, repair, alter, remodel, add to, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others. . . .[9]
The statutory provisions included in Part I, Ch. 489, F.S., only regulate contractors; only contractors may be certified or registered, and, as discussed above, only certified contractors are specifically given statutory exemption from local examinations.
Moreover, s. 489.103, F.S., specifically provides that:
This part does not apply to:
* * *
(2) Any employee of a certificateholder or registrant who is acting within the scope of the license held by that certificateholder or registrant and with the knowledge and permission of the licenseholder. . . .
Thus, the statutory provisions do not apply to the employees of certified or registered contractors.
In summary, the statutes governing construction contractors explicitly and expressly regulate only contractors; the statutes make no attempt to impose state regulations on the employees of contractors.[10] Indeed, the statutes specifically exempt such employees from the regulatory scheme set forth therein. Part I, Ch. 489, F.S., does not apply to the employees of certified contractors, therefore, the exemption from local regulation which is contained therein does not apply to such employees.[11] Thus, local governments may legislate in this area.[12]
Therefore, the employees of a registered or certified contractor are not exempted from local regulation by the provisions of Part I, Ch. 489, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Sections 489.113 and 489.115, F.S.
[2] Section 489.113 (1), F.S.
[3] Section 489.113(4), F.S. And see, s. 489.105(8), F.S., defining a "[c]ertified contractor" to mean "any contractor who possesses a certificate of competency issued by the department and who shall be allowed to contract in any jurisdiction in the state without being required to fulfill the competency requirements of that jurisdiction."
[4] Section 489.117(2), F.S. And see, s. 489.105(10), F.S., defining a "[r]egistered contractor" to mean "any contractor who has registered with the department pursuant to fulfilling the competency requirements in the jurisdiction for which the registration is issued. Registered contractors may contract only in such jurisdictions."
[5] Sections 489.101 and 489.107, F.S.
[6] Section 489.127(1)(f) and (3), F.S.
[7] Section 489.127(3)(e), F.S.
[8] Violations of the statute constitute a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[9] Section 489.105(3), F.S. And see, s. 489.105(6), F.S., defining "[c]ontracting" as "engaging in business as a contractor and includes, but is not limited to, performance of any of the acts as set forth in subsection (3) which define types of contractors."
[10] But see, s. 489.103(2)(a)-(b), F.S., which provides that employees are not exempt from state regulation in certain specified instances.
[11] See also, AGO 79-112 (employees of a certified construction or electrical contractor are not exempted from the local licens-ing and testing requirements of counties or municipalities and must, therefore, comply with the local regulations for exami-nation and licensing).
[12] See, s. 125.01(1)(h) and (i), F.S., providing:
(1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to: (h) Establish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public. (i) Adopt, by reference or in full, and enforce building, housing, and related technical codes and regulations.
And, s. 166.021(1), F.S., recognizing that municipalities have the "governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."